# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40883
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELBIN RUBEN ALCANTARA MEJIA, also known as Melbin Ruben Alcantara,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-1027-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Melbin Ruben Alcantara Mejia appeals the 30-month within-guidelines sentence imposed following entry of his guilty plea to a charge of illegal reentry after removal.  We affirm.

Alcantara Mejia reiterates his challenge to the eight-level enhancement imposed under U.S.S.G. § 2L1.2(b)(1)(B) based on his Texas conviction for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40883

delivery of cocaine, for which he received a six-month sentence.  In his view, the Texas conviction did not qualify as a drug trafficking offense because Texas's definition of delivery is broader than the definition of a drug trafficking offense under § 2L1.2.  He asserts that the Texas offense of delivery may be committed by "administering" a controlled substance.  He further contends that, for the same reasons, the Texas offense does not qualify as an aggravated felony under 8 U.S.C. § 1326(b)(2).

Alcantara Mejia's claims are foreclosed.  *See United States v. Teran-Salas*, 767 F.3d 453, 460-62 (5th Cir. 2014).  In *Teran-Salas*, we held that there is no "realistic probability that Texas would prosecute [the] crime under an 'administering' theory in a way that does not also constitute either 'dispensing' or 'distributing' under the federal sentencing guidelines."  767 F.3d at 460; *see id.* at 458-62.  Further, "[e]ven without considering the drug type or quantity, conviction under the administer prong is not a realistic probability because no previous Texas case has involved a conviction under this prong."  *Id.* at 461.  Therefore, we concluded that the Texas offense of possession with intent to deliver cocaine was a drug trafficking offense under the Guidelines and an aggravated felony under § 1326(b).  *Id.* at 461-62 & n.5.  By parity of reasoning, the Texas offense of delivery of cocaine is a drug trafficking offense under the Guidelines and an aggravated felony within the meaning of § 1326(b).  *See id.* at 457 n.1, 461-62 & n.5.

AFFIRMED.